ORRIN WERNER vs. OGDEN N. PHELPS.

| 36 | 357 |
| 66 | 485 |

The act of July 30th, 1868, with regard to appeals from justices of the peace to the Superior Court, repeals by implication the second section of the act of July 11th, 1867, requiring the defendant, in cases appealed by him, to file an affidavit that he believes he has a good defense and that he takes the appeal in good faith.

WRIT OF ERROR from a judgment of the Superior Court in Middlesex county, (*Loomis, J.*) striking from the docket a case brought by the defendant in error against the plaintiff in error before a justice of the peace and appealed by the latter to the Superior Court; the case being stricken from the docket in the Superior Court on the ground that no affidavit had been filed by the appellant with the justice as required by the act of 1867. The case is sufficiently stated in the opinion.

*D. R. Wright* and *L. L. Phelps*, for the plaintiff in error.

*Willcox*, for the defendant in error.

PARK, J. The question in this case is, whether the statute of 1868 authorizing appeals from justice courts to the Superior Court, repeals the second section of the act of 1867, requiring the defendant in cases appealed by him from the judgment of justices of the peace to file an affidavit that he believes he has a good and valid defence and that he takes the appeal in good faith and not for the purpose of delay. The second section of the act of 1868 is as follows: "In all actions, except those in summary process, brought before a justice of the peace, where the matter in demand, if the action be tried to the court, shall exceed the sum of fifteen dollars, and if tried to the jury shall exceed the sum of thirty-five dollars, an appeal shall be had and allowed from the final judgment rendered therein, to either party, to the Superior Court, upon giving bond with surety, as now provided by law." The first section provides for appeals in cases where

the title to land or a right of way or a right to flow water upon the land of another is brought in question, and an appeal is allowed in language precisely the same with that in the second section. This section requires that the justice trying a case involving some one of these rights, shall certify that such title or right was in issue and decided in the cause, and provides that such certificate shall be a part of the record of the case.

This statute does not in terms repeal any prior act, but this court has decided in the recent case of *Parrott* v. *Stevens*, not yet reported, that it repeals the fourth section of the statute of 1866 providing for appeals from justices of the peace, and constitutes the only statute on the subject; and we are called upon now to decide whether it repeals the second section of the act of 1867, which requires an affidavit of merits in certain cases.

The object of that section is manifest. The legislature thereby sought to prevent defendants from using the forms of law to accomplish injustice by delay, in cases where no substantial defence could be made. It is obvious that no such injustice could be done to plaintiffs in the cases described in the first section of the statute of 1868, for the certificate of the justice would sufficiently show that the defense was substantial. The court could not certify that the title or right set up by the defendant was in issue and decided in the cause, unless the defendant offered evidence in support of his claim. There must be merit in his defense in order to entitle him to the certificate which lies at the foundation of his right of appeal; and this is all that was sought to be accomplished by the second section of the act of 1867. We think, therefore, that the clause in the first section of the act of 1868, " upon giving bond with surety as now provided by law," repeals the second section of the statute of 1867 by necessary implication, so far as the first section of the act of 1868 is concerned. The phrase, " as now provided by law," applies as well to the bond as it does to the appeal, so far as the grammatical construction of the sentence in which it is contained is concerned. If it applies to the bond, then the sen-

tence expressly ignores the requirement of an affidavit. We think it does, for no object could be accomplished by applying such a requirement to this section, as we have seen.

The second section of the act of 1868 contains similar language in relation to appeals. We think, therefore, if the first section repeals the law in relation to affidavits, otherwise applicable to it, so does the second section; for no good reason can be given for supposing that the legislature intended to make and has made a distinction between these sections, requiring that affidavits shall be made in the one and not requiring it in the other, when the right of appeal in both is given *in totidem verbis.*

We think there is error in the ruling complained of, and the cause is remanded to the Superior Court.

In this opinion the other judges concurred.