37  93
66  485

### JOHN W. PARROTT vs. ELIPHALET B. STEVENS.

The act of 1866 (Ch. 74, sec. 4,) which gives a right of appeal from any judgment rendered by a justice of the peace for more than five dollars, except upon the verdict of a jury, is repealed by implication by the act of 1868, (Ch. 99, sec. 2,) which provided that such appeals shall be allowed where the matter in demand exceeds fifteen dollars.

APPLICATION for a mandamus, brought to the Superior Court in Fairfield county, and reserved for the advice of this court. The case is fully stated in the opinion.

*Beardsley* and *Thompson*, for the petitioner.

*G. Stoddard* and *M. W. Seymour*, for the respondent.

BUTLER, C. J. The petitioner seeks a mandamus to compel the respondent to allow an appeal from a judgment ren-

dered by him as justice of the peace, for the sum of $8.50, in a suit brought against the petitioner, demanding $14.00 damages. The respondent resists the application, on the ground that the petitioner had no right of appeal in the case by statute, because such right is given in those cases only where the sum demanded in the original writ is $15.00. The petitioner claims the right of appeal on the ground that such right is given by the act of 1866, (chap. 74, sec. 4,) which authorized an appeal where the *judgment* exceeded $5.00. The case turns upon the question whether the act of 1866 was repealed, by implication, by the act of 1868.

We are all of opinion that the legislature could not have intended that the right of appeal from the judgment of a justice of the peace should depend upon two such distinct, different and inconsistent facts, and that the act of 1866 was repealed by that of 1868.

It has always been the policy of the state to determine the jurisdiction of its courts, superior and inferior, by the amount demanded in the suit. For more than a century prior to 1853 the statutes were uniform in relation to appeals from justices, except as to the sum, which was changed from time to time, and the provision, omitting the sum fixed at the various times, was as follows:—" Where the *sum demanded* shall exceed the sum of &c., an appeal shall be allowed to the next county court, except in actions brought on notes of hand or bonds vouched by two witnesses, in which case no appeal shall be allowed."

In 1853 that provision was repealed, and an appeal allowed from the judgment of a justice of the peace in all cases, and so the law stood until 1866. In that year an act was passed authorizing jury trials before justices, and in that act, by section 4th, appeals from justices were limited and forbidden where the judgment rendered by a jury should not exceed $35.00, or where the judgment should be rendered by the justice otherwise than upon the verdict of a jury for a sum not exceeding $5.00. This was introducing a basis of limitation to regulate the right of appeal, not before known to our law.

Parrott v. Stevens.

We think it clear that it was the intention of the legislature, in passing the act of 1868, to return to our original policy and make the right of appeal dependent upon the sum demanded in the suit. We cannot believe that it was the deliberate intention of the General Assembly to have two different and distinct limitations to regulate the right of appeal so diverse in principle and effect. It is obvious that if both are permitted to stand, an appeal must be allowed where the demand is sufficient, though the judgment may be insufficient; or on the other hand when, as in this case, the demand is insufficient, but the judgment sufficient; or else the two requisites must coexist. We think such a state of things could not have been contemplated, and must therefore hold that the act of 1868, being thus inconsistent with that of 1866, and an apparent return to a settled policy and abandonment of a novelty in our law, was intended as a substitute provision for that contained in the latter act.

To this it should perhaps be added that we have recently holden, in the case of *Werner* v. *Phelps*, 36 Conn., 357, that the act of 1868 repealed by implication the act of 1867 which required the filing of an affidavit of merits before an appeal should be allowed. There is no repealing clause in the act of 1868, and the implication is quite as strong in relation to this subject as to that.

For these reasons we advise that the application should be dismissed.

In this opinion the other judges concurred.