## JARED LEWIS *vs.* JOEL HULL.

The charter of the city of Meriden provided that the city court of the city should have cognizance of all civil cases, except as thereinafter provided, provided either party lived within the limits of the town of Meriden; and that said court should have jurisdiction of all suits in equity, provided the cause of action or proceeding in equity originated, and one or both of the parties resided, within the limits of the town.

Held, that the proviso that the cause of action should arise within the city extended only to suits in equity, and that jurisdiction in ordinary civil actions at law was not subject to that limitation.

The defendant in an action before a justice of the peace appealed from a judgment rendered against him to the Superior Court, which decided that the appeal was void, and erased the case from the docket. The justice of the peace thereupon issued an execution on the judgment, and the defendant, to prevent a sale of his property, paid the amount of it to the officer having it in his hands, who was acting as the plaintiff's agent, and was authorized to receive the money. The decision of the Superior Court erasing the case from the docket was afterward reversed by this court.

In assumpsit for money had and received to recover the money so paid, it was holden that the receipt of the money by the officer was, for the purposes of the case, a receipt by the plaintiff in the original suit; that the execution having been erroneously issued by the justice, the money paid upon it stood upon similar grounds to money paid on a judgment afterward reversed, and was recoverable in this action.

ASSUMPSIT for money had and received; brought to the City Court of Meriden, and tried on the general issue closed to the court (*Smith, J.*). The court found the following facts, and thereupon rendered judgment for the plaintiff.

On the 5th of April, 1869, Ogden N. Phelps, of Saybrook, brought an action of assumpsit against Orrin Warner, of East Haddam, returnable before Arba H. Banning, a justice of the peace for Middlesex county, on the 12th of April, 1869. Upon the trial of the case before Justice Banning the plaintiff recovered judgment for one hundred dollars and costs of suit, and thereupon the defendant appealed the case to the April Term, 1869, of the Superior Court for Middlesex county, where it was entered upon the docket, and upon motion of the plaintiff's attorney ordered to be and was stricken from the docket. Upon the 1st of

January, 1870, Warner brought a writ of error to the Supreme Court of Errors against Phelps to reverse the judgment of the Superior Court ordering the case stricken from the docket. The Supreme Court of Errors, upon a hearing, reversed said judgment and ordered the case restored to the docket. The case was afterward entered on the docket of the Superior Court, and the defendant, Warner, obtained judgment against the plaintiff, Phelps, for his costs. Immediately after the case was stricken from the docket of the Superior Court, the plaintiff, Phelps, requested Joel Hull, the present defendant, to purchase the judgment rendered by Justice Banning in favor of Phelps against Warner, and thereupon Hull purchased it. No money was paid by Hull to Phelps, but it was understood that Hull was to collect the judgment from Warner, and allow Phelps whatever he might realize therefrom.

Hull on the 13th of April, 1869, notified Warner that he had purchased the judgment, and requested him to make immediate payment to him, and on the same day procured an execution to be issued by Justice Banning upon the judgment rendered by him in favor of Phelps against Warner. The execution was issued in the name of Ogden N. Phelps, plaintiff. Hull then placed the execution in the hands of a deputy sheriff, with directions to make demand on it, and if not paid to levy at once. The officer made demand of Warner to pay the execution, and upon his refusal levied it upon a yoke of oxen. Warner endeavored without success to obtain an injunction to restrain the officer from levying the execution, and before sale of the oxen paid to the officer the amount of the execution, together with officer's fees, and the property was released, but the money never in fact came into the hands of Hull, but was paid by the officer to the attorney of Phelps in the suit on which the execution was issued.

After the reversal of the decision of the Superior Court, and after judgment for the defendant, Warner, in the Superior Court, the plaintiff in this case, Jared Lewis, purchased in good faith of Orrin Warner the claim in the present suit against the defendant, Joel Hull, to recover the money paid him by Warner on the execution.

The defendant by motion in error brought the record before the Superior Court for New Haven county, and the case was reserved by the Superior Court for the advice of this court.

*Willcox*, for the plaintiff in error.]

*Phelps*, for the defendant in error.

SEYMOUR, J. This is a motion in error brought to the Superior Court, seeking to reverse a judgment rendered by the City Court of Meriden, and is reserved for our advice.

The action was assumpsit for money had and received, brought by Lewis, who resided in Meriden, against Hull of Saybrook. Lewis sues in his own name as assignee of one Orrin Warner, of East Haddam. It is conceded that the cause of action did not arise in Meriden. The judgment of the city court was in favor of the plaintiff, and the first point made by the defendant's counsel is, that because the cause of action did not arise in Meriden the city court had no jurisdiction of the cause. This depends upon the 20th section of the charter of the city, which section, so far as relates to this subject, is as follows :

" There shall be holden in said city, on the first Monday of every month, a city court, commencing at two o'clock in the afternoon of said day ; said court shall have power to adjourn from time to time, and shall have cognizance of all civil cases except as hereinafter provided ; *provided*, either party live within the limits of the town of Meriden. Said city court shall have jurisdiction of all suits in equity, except for relief against any judgment rendered by, or against any cause pending in, the Superior Court, and may inquire into the facts itself, or by a committee, and may proceed to final judgment and decree, and enforce the same, according to the rules of equity, *provided*, the cause of action or proceeding in equity originated, and one or both of the parties reside, within the limits of said town of Meriden, and the premises in question, in cases of foreclosure, or proceedings relating to real estate, shall be situated within said town."

We think the proviso that the cause of action shall arise within the city extends only to the particular clause with which it is connected, to wit, the clause relating to suits in equity, and that jurisdiction in ordinary civil actions at law is not subject to that limitation.   We are aware that this construction, in connection with our recent statute enabling assignees of rights to sue in their own names, gives an extensive jurisdiction, and one perhaps liable to abuse.   But it is to be observed that justices of the peace have a jurisdiction equally unlimited by the question where the cause of action arises, dependent, within certain amounts in demand, wholly upon residence of parties, and such being the rule as to civil actions at law before justice courts, it is reasonable to conclude that the legislature adopted a similar rule for city courts.   In relation to suits in equity, jurisdiction is withheld from justices of the peace, and for reasons readily understood is more sparingly conferred upon city courts than jurisdiction at law.

The defendant also claims that he is not liable upon the facts, first, because he did not personally receive the money which the officer collected of Warner on the execution.   But the officer was Mr. Hull's agent, and acted by his express directions.   A receipt of money by a party's agent, fully authorized to receive it, is for the purposes of this action a receipt by himself.

The defendant claims, secondly, that the money was paid under a mere mistake of law, and therefore not recoverable. The facts are that this judgment was recovered before a justice of the peace against Warner. He appealed, but omitted to file an affidavit as required by the Act of 1867.   The Superior Court decided that the appeal was void, and erased the case from the docket.   The justice thereupon, treating the appeal as a nullity, issued execution. Mr. Warner, to prevent the sale of his property on the execution, paid the amount of it to the officer.   The execution was therefore issued with apparent regularity, and the money was paid by the compulsion of legal process, and not paid voluntarily.

This court afterward reversed the decision of the Superior Court, 36 Conn., 357, thus deciding that the appeal was valid.

The execution had therefore been erroneously issued by the justice. In respect to the money paid upon it by Mr. Warner, the case stands upon similar grounds as money paid on a judgment afterward reversed. Such money has often been held to be recoverable in an action for money had and received. It may indeed be recovered as damages on the writ of error by which the judgment is reversed. But if not so recovered, the appropriate means is by assumpsit. 2 Greenl. Ev., § 121; *Green* v. *Stone*, 1 Harr. & Johns., 405.

We therefore advise the Superior Court that there is no error in the judgment of the city court complained of.

In this opinion the other judges concurred.