## AVONSIDE, INC., ET AL. *v.* ZONING AND PLANNING COMMISSION OF THE TOWN OF AVON

King, C. J., Murphy, Alcorn, Shannon and House, Js.

Argued November 4—decided December 9, 1965

*Robert C. Hunt, Jr.,* for the appellant (defendant).

*Robert B. August,* for the appellees (plaintiffs).

KING, C. J.  This is an action brought by two real estate developers, the named plaintiff in the first count and the plaintiff Tamara Farms, Inc., in the

second count, against the zoning and planning commission of the town of Avon, hereinafter referred to as the commission. A declaratory judgment was sought determining the validity of § 5.30.4 of the subdivision regulations of the town of Avon. The plaintiffs also sought an order for the repayment of the amount exacted from each plaintiff pursuant to the terms of the regulation and paid by each plaintiff under protest. Except for the amount of money sought to be recovered, each count is substantially identical.

Section 5.30.4 of the subdivision regulations, hereinafter referred to as the regulation, was adopted April 25, 1959, and required, inter alia, that a developer pay a stated percentage of the cost of constructing streets and making the other public improvements set forth in his subdivision plan. The percentage was fixed at 1½ percent of the cost of those improvements if they did not exceed $100,000, and at $1500 plus 1 percent of the cost of such improvements if they were in excess of $100,000. There is no claim of any invalidity in the procedure followed in adopting the subdivision regulation if it lay within the power of the commission to adopt it at all.

Purporting to act under the authority of the terms of the regulation, the commission, after approval of the subdivision plan and as a condition of granting permission to make the improvements called for in it, required the named plaintiff to pay, and under protest it did pay, $669 and required the plaintiff Tamara Farms, Inc., to pay, and under protest it did pay, $584.04. There seems to be no claim by anyone that these payments were not exacted in conformity with the terms of the regulation. But it is the claim of each plaintiff that the regulation purporting to require the payment

exacted was beyond the authority of the commission to enact and that the payment made under protest should be returned.

Besides the foregoing charge the commission required each plaintiff to pay a further charge of $25, in accordance with the authority granted in § 8-26 of the General Statutes, as amended by No. 679, § 6, of the 1959 Public Acts. No complaint is made of the commission's exaction of this $25 charge. When the regulation was enacted in April, 1959, § 8-26 contained no provision authorizing the commission to make any charge with respect to subdivision plans. The 1959 amendment added what is now (except for a 1963 amendment which is immaterial to the present controversy) the second sentence of § 8-26, which reads as follows: "The commission may charge fees for the processing of subdivision applications and inspection of subdivision improvements, the minimum fee to be twenty-five dollars for each application and the maximum to be two dollars for each lot within the planned subdivision." The quoted amendment was effective when the payment of each charge was exacted from each plaintiff.

The commission claims that the charge made under the regulation was to cover "reasonable costs incurred by the town in the supervision of the installation of streets and utilities in . . . [an approved] subdivision". In other words, it is the commission's claim that the statutory charge of $25 covers the "processing of subdivision applications and inspection of subdivision improvements" and that no other or additional charge is exacted for such matters, but that the charge purportedly authorized in the regulation is for engineering services rendered by personnel employed for that particular purpose in

supervising the actual installation of streets and utilities as authorized in an approved subdivision plan. This claim does make it clear that the charge exacted under the regulation does not purport to cover, and in fact does not cover, the matters for which the $25 charge was authorized by § 8-26.

"As a creature of the state, the . . . [town of Avon, whether acting itself or through its planning commission,] can exercise only such powers as are expressly granted to it, or such powers as are necessary to enable it to discharge the duties and carry into effect the objects and purposes of its creation." *Baker* v. *Norwalk*, 152 Conn. 312, 314, 206 A.2d 428, and cases cited therein; *Bredice* v. *Norwalk*, 152 Conn. 287, 292, 206 A.2d 433; *State ex rel. Sloane* v. *Reidy*, 152 Conn. 419, 423, 209 A.2d 674. In other words, in order to determine whether the regulation in question was within the authority of the commission to enact, we do not search for a statutory prohibition against such an enactment; rather, we must search for statutory authority for the enactment.

The commission at one point in its brief seems to have recognized the foregoing rule of law. In its brief, however, it referred generally to title 8 of the General Statutes, embracing over 160 sections, and finally designated §§ 8-25, 8-27 and 8-29 as supporting its claim of statutory authority. We now turn to an examination of these enumerated sections.

The commission's brief places some reliance on two provisions of § 8-25. One of these provisions empowers the planning commission to accept a bond in lieu of demanding actual completion of the improvements embraced in a subdivision plan before final approval thereof. The other provision authorizes the commission to enact regulations to save the town harmless, by assessments or other

charges against the property owners within the subdivision, if the town should proceed to make, at its own expense, the improvements embraced in the subdivision plan. Obviously there is nothing here warranting or even lending support to the claim that the commission has any express or implied authority to levy the protested charge on these plaintiffs. Indeed, there is no claim that the town has made any improvements at its own expense or contemplates any such action.

Section 8-27 authorizes the enactment of ordinances by the town to prohibit or regulate the issuance of permits for the erection of buildings on lots abutting unaccepted streets. The irrelevancy of this section to this controversy is too obvious to merit discussion.

Section 8-29, inter alia, authorizes the planning commission to prepare and file plans recommending the location or relocation of highways, streets or sidewalks, or of any building or veranda lines. After a hearing and final approval, the commission is authorized to adopt the plan and to "make assessments of benefits . . . and damages . . . [as to] any person owning land included in . . . [the] plan". That this confers no authority to levy such a charge on a developer as is involved in this case is also too obvious to merit discussion. There is nothing remotely resembling an assessment of benefits and damages attempted in the regulation under attack.

The stipulation of facts does set forth that the charge as made in the regulation has not materially exceeded the reasonable cost to the town of Avon of outside supervisory engineering services required to ensure the actual construction of improvements in conformity with approved subdivision plans. See

cases such as *Yurdin* v. *Town Plan & Zoning Commission,* 145 Conn. 416, 421, 143 A.2d 639. This fact, however, gives no support to any claim of a grant of authority for the enactment by the commission of a regulation levying such charges as does this one. The state has seen fit to impose upon the towns various duties and burdens, such as maintenance of highways not specifically maintained by the state, the maintenance of schools and the care of the indigent. All of these duties are expensive to carry out and may require the employment of professional personnel. But the towns have no right of reimbursement therefor except as particularly authorized by statute.

The court below was not in error in rendering a declaratory judgment to the effect that § 5.30.4 of the subdivision regulations of the town of Avon is unauthorized and invalid in purporting to require the plaintiffs, as a condition precedent to making improvements pursuant to an approved subdivision plan, to make the payments respectively exacted from them over their protests. It follows from this that the payments were illegally exacted and that the plaintiffs are entitled to recover the amount of such payments.

This determination would dispose of this appeal had the parties not improperly involved this controversy in procedural irregularities, which will now be briefly considered.

The court, for reasons not apparent in the record, considered, as a separate issue, whether the regulation was also invalid because it purported to delegate to the selectmen and treasurer of the town of Avon certain duties and powers which the commission alone had authority to exercise. Both parties extensively treated this issue on the merits in their

briefs. The court held the regulation invalid on that ground also. In this determination the court was in error. First, no claim involving that issue is even suggested in the complaint, nor is any declaration as to such an issue sought in the prayers for relief as required by Practice Book § 310 (b). *Holt* v. *Wissinger,* 145 Conn. 106, 109, 139 A.2d 353. Second, the town of Avon would have been a necessary party to an effective adjudication of that issue. Practice Book § 309 (d).

The judgment correctly held the regulation invalid. It specified no ground for that invalidity. There was only one ground on which, under the pleadings and procedure adopted by the plaintiffs, that invalidity could rest. The judgment also included an order providing for a return of the money illegally exacted. This was all to which the plaintiffs showed themselves entitled on the facts and all which their complaint and prayers for relief requested, except for a prayer for injunctive relief hereinafter mentioned. The erroneous consideration by the court of the additional ground of invalidity in the regulation became academic, and the error turned out to be harmless.

Lest the declaratory judgment procedure followed in this case be taken as a precedent approved by this court, we point out that each plaintiff, instead of seeking a declaratory judgment, should have brought a simple action claiming monetary damages in the amount illegally exacted from it, and by it paid under protest, under the rule of cases such as *Nichols* v. *Bridgeport,* 23 Conn. 189, 200, *Lewis* v. *Hull,* 39 Conn. 116, 119, and *Underwood Typewriter Co.* v. *Chamberlain,* 92 Conn. 199, 204, 102 A. 600. In such an action the town of Avon would be a necessary party defendant. See cases

such as *Guilford* v. *Landon,* 146 Conn. 178, 179, 148 A.2d 551; *Rommell* v. *Walsh,* 127 Conn. 16, 21, 15 A.2d 6. An action of that type would necessarily have put in issue the validity of the regulation and have given the plaintiffs the only relief to which they showed themselves entitled on the facts, or which they properly sought in their pleadings. The exotic orders of repayment claimed in the second prayer for relief should have alerted both court and counsel to the impropriety of the present action. *Jenkins* v. *Indemnity Ins. Co.,* 152 Conn. 249, 260, 205 A.2d 780. And it is hardly necessary to point out that the prayer for injunctive relief against further exactions of this type by this commission was properly denied by the court. There was no evidence, and it is inconceivable, that the commission would attempt such a course of conduct. *Holt* v. *Wissinger,* supra, 116. A basically correct result, however, was finally achieved. *Scully* v. *Westport,* 145 Conn. 648, 653, 145 A.2d 742.

There is no error.

In this opinion the other judges concurred.