[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 6483-J
Statement of Facts
On June 7, 1989, an ordinance enacted by the Town of Somers Board of Selectmen, establishing fees for subdivision applications, became effective. In February 1990, plaintiff submitted an application for the subdivision of a parcel of property into 115 lots. At the time of submitting the application, the plaintiff paid to the Town of Somers an application fee or $30,280 plus an additional $5,750 to the Tolland County Soil and Conservation District. These fees were paid pursuant to the ordinance.
The plaintiff objected to the ordinance at the public hearing which was held on its proposed adoption on April 26, 1989. The plaintiff unsuccessfully attempted to appeal the adoption of the ordinance to the Zoning Board of Appeals. Plaintiff testified at trial that he protested the payment of $36,030 to both the first selectman and the chairman of the defendant Planning Commission. CT Page 6483-K Both the first selectman and the chairman are subsequently deceased. Plaintiff produced no written evidence of protest.
On October 11, 1990, the Planning Commission denied the application without prejudice, informing the plaintiff of the reasons for denial and also informing the plaintiff that resubmission of the application would be welcomed by the Commission without additional application fees. On December 12, 1990, the plaintiff requested the return of most of the application fee previously submitted. He requested the return of $35,780 which was the total of all fees paid to the Town and the Tolland County Soil and Conservation District less the base application fee of $250.
By complaint dated March 7, 1991, amended May 1, 1991, the plaintiff initiated this action seeking a judicial declaration of invalidity of the town ordinance and the return of the monies paid. Cross motions for summary judgment were denied by a trial court on May 27, 1993. A trial on the request for declaratory judgment was held on May 27, 1993.
Discussion CT Page 6483-L
The legislature adopted Public Act 82-282 which has been subsequently codified as 8-1 of the General Statutes. Section 8-1 provides:
 Any municipality may, by ordinance, establish a schedule of reasonable fees for the processing of applications by a municipal zoning commission, planning commission, combined planning and zoning commission, zoning board of appeals or inland wetlands commission. Such schedule shall supercede any specific fees set forth in the General Statutes or any special act.
In addition to 8-1C, 8-26 of the General Statutes provides in pertinent part:
 The commission may charge fees for the processing of subdivision applications and inspection of subdivision improvements, the minimum fee to be $50 for each application and the maximum to be $25 for each lot within the planned subdivision.
The town ordinance that was adopted provides: CT Page 6483-M
 Section 3.1. The subdivision applicant shall pay a base application fee of $250 which is intended to cover a portion of the town's costs for processing and administrative handling of a subdivision application, including but not limited to: legal advertisements regarding hearings, decisions of the commission and other matters requiring publication in a newspaper; recording and transcribing public hearings and minutes of commission meetings relative to the application; staff salaries and overhead expenses for the town planner, town sanitarian and other town officials, and consultant expenses in direct connection with the technical and regulatory review; and town attorney's fees in direct connection with legal advice and review of documents directly related to the subdivision. To this base subdivision application fee shall be added the following surcharges and fees to cover engineering review of construction plans and inspection of improvements during construction.
The plaintiff paid to the defendant Planning Commission $35,780 as a result of the second part of the fee ordinance and CT Page 6483-N paid $250 as a result of the base application fee. The plaintiff has requested the return of his $35,780 and has not requested the return of the base application fee of $250.
Ignoring for a moment claims of the nonavailability of declaratory judgment, the court is faced with two substantive issues. (1) Are ". . . fees to cover engineering review of construction plans and inspection of improvements during construction" authorized by 8-1c? (2) Is the schedule established by the Town of Somers a schedule of "reasonable fees"?
Availability of Declaratory Judgment
The defendant has claimed that a declaratory judgment remedy is not available because the plaintiff has not exhausted his administrative appeals, does not have the required standing and did not pay the fees under protest. In a Memorandum of Decision dated April 1, 1993, Shaughnessy, J. denied cross motions for summary judgment. This court finds that Judge Shaughnessy's decision settled the matter of whether the declaratory judgment was being used as a substitute for a statutory appeal. Judge Shaughnessy's CT Page 6483-O decision further recognized the plaintiff's right to bring a declaratory judgment action. The only procedural issue which the court presently feels compelled to address is the question of payment under protest. In Avonside, Inc. v. Zoning and Planning Commission,153 Conn. 232 (1965), the plaintiffs challenged a planning commission regulation of the Town of Avon imposing certain fees pursuant to the then enabling legislation contained in 8-26. Plaintiffs sought a declaratory judgment which was granted by the trial court. The Supreme Court affirmed but following its affirmation Chief Justice King felt constrained to include the following language:
 "Less the declaratory judgment procedure followed in this case be taken as a precedent approved by this court, we point out that each plaintiff instead of seeking a declaratory judgment, should have brought a simple action claiming monetary damages in the amount illegally exacted from it and by it paid under protest, under the rules of cases such as. . . .
The lead case on payment under protest and the reclaiming of monies appears to be Underwood Typewriter Company v. Chamberlain, CT Page 6483-P92 Conn. 199 (1917). Underwood is an action to recover property taxes paid under protest. In Underwood, the court wrote:
 "A payment of a tax made to avoid the onerous penalties of the act imposing the tax for its nonpayment, is not a voluntary payment." At page 205.
The court further wrote:
 "We think therefore that the law is so that a man may protect his land from a sale, or prevent a cloud upon his title, by paying the tax and have his remedy to recover it back if the tax was illegal and unjust." At page 205.
The Supreme Court's reliance on Underwood in the Avonside, Inc. case would seem to indicate that the question of voluntary payment and protest is the same in a tax as it is in a case contesting a municipal agency fee. It would also appear from a careful reading of Underwood that "protest" is not used in any technical sense. Rather, the question is whether the payment was voluntary or involuntary in a practical sense. CT Page 6483-Q
The court holds that the payment by the plaintiff in the instant case was not voluntary. The facts are clear that the plaintiff held an option to purchase the Whitaker property with an expiration date. The plaintiff had spent some two years and approximately $127,000 in engineering fees and related costs. The plaintiff had opposed the proposed ordinance at the public hearing, had attempted to appeal its adoption, and had attempted to circulate a petition for its override. The plaintiff may have objected to both the first selectman and the chairman of the planning commission. Had the plaintiff decided to initiate a declaratory judgment action without payment, the filing of the subdivision application could have been delayed for years. While the court doubts that an applicant can voluntarily pay a fee and following the denial of a subdivision application demand a refund. The court is convinced that the Town of Somers was fully aware of the plaintiff's objections to the proposed subdivision application fee. The plaintiff's payment was not voluntary. To hold that the plaintiff could maintain the instant action if he delivered written notice of protest or had included a restrictive endorsement on his check but could not maintain the action under the facts as found would be the exultation CT Page 6483-R of form over substance.
Faced with the clear holding in Avonside that the plaintiffs should have brought a simple action claiming monetary damages and that such an action would necessarily have put in issue the validity of the regulation, the court refuses to render a declaratory judgment. However, it does appear appropriate for the court to examine the validity of the regulation and the question of whether the plaintiff is entitled to a refund if the regulation is held invalid. In this regard, the court notes that the plaintiff has claimed in his prayer for relief a return of the subdivision application fee.
Validity of the Ordinance
Although the matter was hotly disputed at trial, the court finds that if the Town of Somers had legislative authority to impose fees for post-approval engineering review, the ordinance is reasonable. The facts reasonably support the conclusion that the ordinance in the aggregate would recover 80 to 85 percent of direct costs incurred. Nevertheless, the court holds that the Somers ordinance exceeds the authority granted to the Town by CT Page 6483-S the legislature. The legislative history of the public act in the journal of the House of Representatives for Wednesday, April 14, 1982 contains the following: Representative Powers, 37th: "Thank you, Mr. Speaker, very much. Ladies and gentlemen of the General Assembly, this bill will enable any municipality to fix by ordinance its own schedule of reasonable fees for the processing of land use applications by a zoning commission, planning commission, a combined planning and zoning commission, a zoning board of appeals, or an inland wetlands commission." The court recognizes that Mr. Powers' comments are virtually the language of the statute. Nevertheless, the court cannot escape the fact that both 8-1C and Representative Powers speak of cost of processing an application. The legislature had previously provided in 8-26:
 The Commission may charge fees for the processing of subdivision applications and inspection of subdivision improvements. [emphasis added.]
It is thus clear that when the legislature intended to authorize a fee to inspect improvements during construction, it has done so CT Page 6483-T with specific language. Equally important, these inspection fees were clearly capped by legislative enactment. Reduced to its simplest terms, the court is unconvinced that "reasonable fees for the processing of applications" was intended by the legislature to allow planning commissions to pass on to developers virtually the entire cost of the operation of the land use function of a municipality. The facts in the instant case, where the cost of construction review is passed on to a developer whose application has been denied, point out the illogical result which flows from the defendant town's ordinance. The developer would be taxed for costs that were not incurred. The court is convinced the type of costs covered in 3.1 of the Somers regulation are the administrative costs of reviewing the application intended to be covered by the legislature. The court is equally convinced that the engineering costs covered by the second part of the Somers regulation are beyond the grant of legislative authority.
Conclusion
Because of the Supreme Court holding in Avonside, Inc., supra, the declaratory judgment is denied. However, the court CT Page 6483-U holds that the defendant Town's ordinance exceeds the authority granted to it by the legislature and accordingly holds the ordinance void insofar as necessary to order the return of $35,780 of the fee to the plaintiff. The court orders the $35,780 be returned to the plaintiff Richard S. Pollio. The court declines to award interest or costs.
Booth, J.