THE NORTH ROLLINGWOOD PROPERTY OWNERS ASSOCIATION ET AL. *v.* CITY PLAN COMMISSION OF THE CITY OF NEW BRITAIN ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued February 3—decided March 25, 1965

*John D. Bagdasarian,* for the appellants (plaintiffs).

*Austin K. Wolf,* with whom were *John F. Downes* and *Lawrence P. Weisman,* for the appellee (defendant The Daughters of Immaculate Conception, Inc.), and *Andrew P. Denuzze,* corporation counsel, for the appellee (named defendant).

COMLEY, J. This is an appeal by the plaintiffs from a judgment of the Court of Common Pleas sustaining a ruling of the city plan commission of New Britain approving a subdivision of land for garden

apartments. The court heard evidence only on the issue of aggrievement and limited its finding to the facts bearing on that issue. In view of the unusual completeness of the record before the plan commission, this procedure was clearly correct. *Beach* v. *Planning & Zoning Commission,* 141 Conn. 79, 80, 103 A.2d 814.

The city plan commission of New Britain was created in 1955. 27 Spec. Laws 591, No. 632. The provisions of the 1955 act were, with minor variations of phrasing, incorporated in the act codifying the charter of the city of New Britain. New Britain Charter, §§ 3101-6, 3151-55 (1961); 30 Spec. Laws 515, c. 31, arts. 1, 5. Among the commission's powers is included (§ 3151) the right to approve or disapprove plans for the subdivision of land, a subdivision being defined as the "division of a lot, tract or parcel of land, into three or more lots or other divisions of land for the purpose, whether immediate or future, of sale or of building development." New Britain Charter, § 3152 (1961); 30 Spec. Laws 520, § 3152. The power of the commission, however, is subject to the following limitation: "Before exercising the powers granted in this article, the commission shall adopt regulations covering the subdivision of land." § 3155. This language is similar to the language contained in General Statutes § 8-25, which governs municipal planning commissions set up under chapter 126 of the General Statutes and not, as in the case of New Britain, by charter provision.

After its creation in 1955, the plan commission of New Britain adopted elaborate and detailed regulations governing residential subdivisions. Article 1 of those regulations provides in part as follows: "The regulations herein set forth apply to residential

subdivisions excluding special housing or apartment projects. In cases of subdivision for the latter and for other uses, special requirements adaptable to each case may be determined by the commission."

This means that in New Britain there are no regulations whatever governing the commission in its approval or disapproval of a subdivision for an apartment project such as the one involved in the present case. The approval or disapproval of such a project is left to the absolute and uncontrolled discretion of the commission. It cannot be said, as the defendants appear to argue, that the regulations adopted by the commission to govern residential subdivisions have any application to the case because, in the very act of adopting them, the commission excluded apartment projects from their operation and left each such project open to special requirements to be determined by the commission.

Any such attempt to remove apartment projects from the application of known and fixed standards is invalid. A somewhat similar situation was involved in *Beach* v. *Planning & Zoning Commission,* supra, where, in considering the predecessor of General Statutes § 8-25, which, as pointed out above, is substantially the same as the subdivision portion of the New Britain charter, we said (p. 83) : "The significant feature of this statute is that, by its terms, the adoption of regulations is made a condition precedent to the exercise by a planning commission of any control over the planning of a subdivision. A planning commission may neither approve nor disapprove subdivision plans until after it has adopted regulations to guide it in its approval or disapproval. The necessary implication of the statutes is, therefore, that in passing upon such plans the commission is to be controlled by regulations

which it has adopted." And in the same case, in speaking of the power of a planning commission to act without standard regulations to guide it, we said (p. 85): "Such action would be special legislation of the worst type. It would amount to substitution of the pure discretion of the commission for a discretion controlled by fixed standards applying to all cases of a like nature." *Castle Estates, Inc.* v. *Park & Planning Board,* 344 Mass. 329, 334, 182 N.E.2d 540.

It is our conclusion that the city plan commission of New Britain has no power to approve or disapprove a proposed subdivision for garden apartments. It has adopted no regulations governing subdivisions for any apartment projects, and it has expressly excluded them from the operation of such regulations as it has adopted for residential subdivisions generally. The parties have argued at great length the question whether or not this particular plan complies with the regulations already adopted for residential subdivisions. In our view those arguments are beside the point since the regulations are not regulations adopted by the commission to govern apartment projects generally or garden apartments specifically. Such regulations can only be adopted after notice and public hearing and must be applicable to all similar subdivisions. It follows that the plaintiffs' appeal should have been sustained.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.