THE SOUTH EAST PROPERTY OWNERS AND RESIDENTS
ASSOCIATION ET AL. *v.* CITY PLAN COMMISSION OF
THE CITY OF NEW BRITAIN ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued May 21—decided June 25, 1968

*Peter J. Preisner,* for the appellants (plaintiffs).

*L. Stewart Bohan,* for the appellee (defendant Inter-Faith Housing, Inc.); with him, on the brief,

was *Harold I. Koplowitz,* corporation counsel, for the appellees (named defendant et al.).

RYAN, J. The plaintiff The South East Property Owners and Residents Association, whose members are owners of real estate and residents of the southeast section of the city of New Britain, together with other named plaintiffs who owned real estate adjoining or near certain lands of the city of New Britain, appealed to the Court of Common Pleas from the decision of the defendant planning commission approving a plan for a subdivision submitted by the defendant the Inter-Faith Housing, Inc., hereinafter referred to as Inter-Faith. The trial court found the issues for the defendants and dismissed the appeal. From this judgment the plaintiffs have appealed to this court.

In its limited finding the trial court found the following facts: The plaintiffs, some of whom the court found to be aggrieved within the meaning of § 8-28 of the General Statutes, are members of a voluntary association of property owners and residents of the city of New Britain. These plaintiffs own property which is either adjacent to or a short distance from a seven-acre parcel of land owned by the city of New Britain. The city of New Britain has contracted to sell this parcel to Inter-Faith, whose purpose is to construct 100 units of moderate rental apartments on the site. On November 4, 1966, Inter-Faith submitted an application for subdivision approval to the planning commission. On November 21, 1966, the planning commission approved a preliminary subdivision plan. The plan as amended and finally approved included a cul-de-sac street which was to be approximately 1400 feet in length. Article 12, § 1 (F) of the New Britain subdi-

vision regulations permits cul-de-sac streets only when they do not exceed 500 feet in length. Article 15 of the subdivision regulations, which is set out in the footnote, purports to provide for a variance of the prescribed regulations.[1] The planning commission granted a variance for the 1400-foot cul-de-sac street to Inter-Faith on January 9, 1967. In granting the variance, the question of hardship was considered only with regard to the proposed use for the 100 apartment units. The variance was granted upon the recommendation of the city plan director.

Although there were many additional facts found by the trial court, we need not recite them because, in the view which we take of this case, it is not necessary to discuss the assignments of error which are related thereto. The plaintiffs assign error in the conclusion of the trial court that the granting of the variance was not arbitrary, illegal or in abuse of the commission's discretion and in the overruling of their claims of law in relation to the granting of the variance.

Planning in the city of New Britain is governed by special act and not by the general statutes. The establishment of a city plan commission was authorized by No. 632 of the 1955 Special Acts. 27 Spec. Acts 591, No. 632. The provisions of the 1955 act were, with minor variations of phrasing, incorporated in the act codifying the charter of the city of New Britain. New Britain Charter §§ 3101–6, 3151–55 (1961); 30 Spec. Acts 515, No. 420, c. 31, arts. 1, 5; see *North Rollingwood Property Owners*

---

[1] "[New Britain Subdivision Regs., art. 15.] Where a strict interpretation of the regulations herein prescribed would cause undue hardship or injustice to the owner of any land, a subdivision plan of said land substantially in conformity with said regulations may be approved by the commission provided that public convenience will not be adversely affected."

*Assn.* v. *City Plan Commission,* 152 Conn. 518, 520, 209 A.2d 177. The commission was required, before exercising the powers granted to it in article 5 (§§ 3151–55), to adopt regulations concerning the subdivision of land. Section 3155 of the New Britain charter, the pertinent portion of which is set forth in the footnote, contains the standards within the framework of which the regulations must be adopted.[2]

In the recent case of *Finn* v. *Planning & Zoning Commission,* 156 Conn. 540, 545, 244 A.2d 391, we reiterated our previous holding that, before any subdivision regulation may be made operative, there must exist the necessary statutory authority for its enactment. *Avonside, Inc.* v. *Zoning & Planning Commission,* 153 Conn. 232, 236, 215 A.2d 409; 2 Yokely, Zoning Law and Practice (3d Ed.) § 12-3.

---

[2] "[New Britain Charter § 3155 (1961); 30 Spec. Laws 521, No. 420, c. 31, art. 5 § 3155.] Before exercising the powers granted in this article, the commission shall adopt regulations covering the subdivision of land. . . . Such . . . [regulations] shall provide that the land to be subdivided shall be of such character that it can be used for building purposes without danger to health, that proper provision shall be made for water supply, drainage and sewerage, that the proposed streets are in harmony with existing or proposed principal thoroughfares shown in the plan of development as described in section 3102 of this charter, especially in regard to safe intersections with such thoroughfares, and so arranged and of such width as to provide an adequate and convenient system for present and prospective traffic needs, and, in places deemed proper by the planning commission, open spaces for parks and playgrounds shall be shown on the subdivision plan. The commission may also prescribe the extent to which and the manner in which streets shall be graded and improved and public utilities and services provided, and in lieu of the completion of such work and installments previous to the final approval of a plan the commission may accept a bond in an amount calculated to cover the cost of the specified improvements as estimated by the city engineer or his authorized agent and with surety and conditions satisfactory to its securing to the municipality the actual finished construction and installation of such improvements and utilities within a period specified in the bond."

A subdivision regulation adopted by a planning commission without positive statutory authorization is invalid, and this is true whether the planning power is derived from the general statutes or, as here, from a special act. We note in passing that the power to grant variances to subdivision regulations does not exist pursuant to the general statutes. Although the authority to vary the application of zoning regulations is granted to zoning boards of appeal by § 8-6 of the General Statutes, the counterpart of this statute has never been adopted by the legislature in the field of planning. See "The Connecticut Law of Zoning (Part C)," 41 Conn. B.J., 658, 671–73. There is nothing contained within the provisions of the special act authorizing the New Britain planning commission to adopt regulations which permits the adoption of a regulation empowering the commission to grant a variance in the application of the regulations adopted by it.

In passing upon subdivision plans, the commission is to be controlled by the regulations which it has adopted. *J & M Realty Co.* v. *Norwalk,* 156 Conn. 185, 191, 239 A.2d 534; *Beach* v. *Planning & Zoning Commission,* 141 Conn. 79, 83, 103 A.2d 814. It is provided by article 12, § 1 (F) of the subdivision regulations of the city of New Britain that cul-de-sac streets shall be permitted only when they do not exceed 500 feet in length. The plan, as approved by the defendant commission, includes a cul-de-sac street which is to be approximately 1400 feet in length. "The planning commission . . . has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance. *Langbein* v. *Planning Board,* 145 Conn. 674, 679, 146 A.2d 412. If it does not conform as required, the plan may be disapproved." *Forest Con-*

*struction Co.* v. *Planning & Zoning Commission,* 155 Conn. 669, 674, 236 A.2d 917. " 'No administrative or regulatory body can modify, abridge or otherwise change the statutory provisions under which it acquires authority unless the statute specifically grants it that power.' *State ex rel. Huntington* v. *McNulty,* 151 Conn. 447, 449, 199 A.2d 5." *Finn* v. *Planning & Zoning Commission,* supra, p. 10; *Southern New England Telephone Co.* v. *Public Utilities Commission,* 144 Conn. 516, 523, 134 A.2d 351. The commission was not empowered by the special act to adopt article 15 of the regulations, and this regulation is unauthorized and invalid. The commission was therefore without authority to approve a plan which conflicted with the existing subdivision regulations.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.