MARSHALL SONN ET AL. *v.* PLANNING COMMISSION OF THE CITY OF BRISTOL ET AL.

HOUSE, C. J., COTTER, BOGDANSKI, LONGO and BARBER, Js.

Argued October 8—decision released December 28, 1976

*Kenneth J. Laska,* city attorney, for the appellant (named defendant).

*Theodore Poulos,* with whom, on the brief, was *Richard M. Corr,* for the appellants (defendant Anthony P. Margonelli et al.).

*Edward T. Lynch, Jr.,* for the appellees (plaintiffs).

COTTER, J. The plaintiffs, owners of real estate in the city of Bristol, appealed to the Court of Common Pleas from the decision of the defendant planning commission approving a plan for a subdivision submitted by the defendants Anthony P. and Joanne P. Margonelli. The trial court found the issues for the plaintiffs and sustained the appeal, and from that judgment the defendants have appealed to this court upon the granting of certification.

The portion of the proposed seventeen-lot subdivision approved by the commission, which is the subject of the appeal, is the layout of the proposed extension of Morris Avenue from its intersection with Stonecrest Drive on the north to Madison Drive on the south. If this street were to be laid out as approved, the plaintiffs' lots would be bounded by the new street along the rear of their lots as well as by the existing streets in front of their lots. Each of their lots, seven in number, would be bound by two generally parallel streets. The commission approved the subdivision providing for the development of seventeen lots by a vote of three commissioners in favor and one opposed. At the time in question, section 2.09 of the commission's subdivision regulations provided, in part, as follows: "Except in cases of unusual topography or property lines, through lots bounding on two . . . generally parallel streets will not be permitted."[1]

In planning matters the city of Bristol is acting under chapter 126, §§ 8-18—8-30a of the General Statutes. Pursuant to § 8-25, the commission was required, before exercising the powers granted to it, to adopt regulations covering the subdivision of land. Regulations of the city, which has adopted this chapter, must conform to the requirements of § 8-25. *Finn* v. *Planning & Zoning Commission,* 156

---

[1] Section 2.09 of the Bristol subdivision regulations provides in full: "Lot sizes shall be as required in the Zoning Ordinance of the City of Bristol. Layout of lots shall conform to modern standard practices, and shall be appropriate for the intended construction. Corner lots shall conform to [the] Zoning Ordinance of the City of Bristol. Side lot lines shall generally be at right angles to straight street lines, or radial to curved street lines. Except in cases of unusual topography or property lines, through lots bounding on two (2) generally parallel streets will not be permitted. No parcels, strips or other remnants of land or blocking strips of a size unsuited for a minimum lot shall be left in any subdivision."

Conn. 540, 543, 545, 244 A.2d 391. The commission may only adopt a plan or regulations governing subdivisions of land or impose conditions within the delegated authority. *Aunt Hack Ridge Estates, Inc.* v. *Planning Commission,* 160 Conn. 109, 115, 273 A.2d 880; 82 Am. Jur. 2d, Zoning and Planning, §§ 165, 166. The planning power of the defendant commission is derived from the general statutes and a subdivision regulation enacted by it to be valid must have been adopted with positive statutory authorization. *South East Property Owners & Residents Assn.* v. *City Plan Commission,* 156 Conn. 587, 591, 244 A.2d 394; *Avonside, Inc.* v. *Zoning & Planning Commission,* 153 Conn. 232, 236, 215 A.2d 409; 2 Yokely, Zoning Law & Practice (3d Ed.) § 12-3.

The subdivision regulations upon which the commission, acting administratively, should rule must contain known and fixed standards applying to all cases of a like nature, and must conform to the principle that a regulation, like a statute, cannot be too general in its terms. *Aunt Hack Ridge Estates, Inc.* v. *Planning Commission,* supra, 115-16. The test of a permissible subdivision regulation is whether "the criteria contained in the commission's regulations are as reasonably precise as the subject matter requires and are reasonably adequate and sufficient to guide the commission and to enable those affected to know their rights and obligations. *American Power & Light Co.* v. *Securities & Exchange Commission,* 329 U.S. 90, 105, 67 S. Ct. 133, 91 L. Ed. 103; *Ours Properties, Inc.* v. *Ley,* 198 Va. 848, 851, 96 S.E.2d 754; 1 Am. Jur. 2d, Administrative Law, § 118. Although some of the standards may be general in their terms, they . . . [must be] reasonably sufficient to identify the criteria to be

evaluated in their enforcement in order to meet the many variables involved since it would be impossible to establish one standard which would adequately cover all future cases. *Blakeman* v. *Planning Commission,* 152 Conn. 303, 307, 206 A.2d 425." *Forest Construction Co.* v. *Planning & Zoning Commission,* 155 Conn. 669, 680, 236 A.2d 917; *Nicoli* v. *Planning & Zoning Commission,* 171 Conn. 89, 93, 368 A.2d 24.

The words "unusual topography or property lines" give broad, almost unfettered, authority to the planning commission, acting administratively, to bow down to expediency rather than serve the public welfare. We have said, for instance, that the words "practical difficulties," without additional guidelines, are in themselves insufficient to afford a guide to determine whether a variation should be granted.[2] *Delaney* v. *Zoning Board of Appeals,* 134 Conn. 240, 244, 56 A.2d 647; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 541, 45 A.2d 828.

The facts show clearly the need for a more precise standard governing the unbridled, ambiguous and vague exception which would allow for the creation of through lots than section 2.09 of the commission's regulations provides. The total project in question covered 7.4 acres and the subdivision plan was designed for the development of seventeen lots. Because of a planned street extension the plaintiffs' properties would be bounded front and rear by streets. The plaintiffs' lots were relatively small in size, containing minimal areas of approximately 10,000 square feet. In fact, the defendants' engineer and land surveyor testified in regard to the

[2] It is to be noted that "the power to grant variances to subdivision regulations does not exist pursuant to the general statutes." *South East Property Owners Association* v. *City Planning Commission,* 156 Conn. 587, 591, 244 A.2d 394.

development application at the commission hearing: "This was designed under the stipulation that this was an RB-1 zone, which means that the minimum size lots in this area would be 10,000 square feet, with an 85-foot frontage. It was designed to get the maximum economy out of this piece of land. . . . The design of the property is to try to get the maximum number of lots that you could use your property for. As you know, this area is highly praised and people like to live in this area. It is an area that the lots are saleable. You are able to build a home and there is no doubt you are certainly located to everything. The idea is that you want to get the maximum value of the property."

The obligations in the regulations and the undertakings required of new subdivision developers to ensure proper street layout and the orderly development of such matters are designed to protect the public interest. *Treat* v. *Town Plan & Zoning Commission,* 145 Conn. 406, 408, 143 A.2d 448. Municipal planning is intended to promote the general welfare and prosperity of its people. *Kiska* v. *Skrensky,* 145 Conn. 28, 32, 138 A.2d 523. Consequently, the requirement that regulations contain known and fixed standards to be applied to all cases of a like nature reduces the likelihood of an administrative body, unsure of its prerogative, acting in a capricious manner in the exercise of its authority. It was apparent from a review of the minutes of the public hearing that alternate subdivision plans might have been designed without, of course, producing the maximum profit to the developer. The maximum possible enrichment of a particular developer is not the controlling purpose of zoning. *Damick* v. *Planning & Zoning Commission,* 158 Conn. 78, 83, 256 A.2d 428; *State National Bank* v.

*Planning & Zoning Commission,* 156 Conn. 99, 239 A.2d 528; 82 Am. Jur. 2d, Zoning and Planning, § 36. Vague regulations which contain meaningless standards lead to ambiguous interpretations in determining the approval or disapproval of different subdivisions. Adequate, fixed and sufficient standards of guidance for the commission must be delineated in its regulations so as to avoid decisions, affecting the rights of property owners, which would otherwise be a purely arbitrary choice of the commission; such a delegation of arbitrary power is invalid. *North Rollingwood Property Owners Assn.* v. *City Plan Commission,* 152 Conn. 518, 521, 522, 209 A.2d 177; 82 Am. Jur. 2d, Zoning and Planning, §§ 63, 64; annot., 58 A.L.R.2d 1083, 1097, § 4.

The factual situation which developed during the public hearing demonstrates the need for clear, unambiguous and fixed standards sufficient to furnish guidelines in the regulations so as to avoid a purely arbitrary choice of the commission affecting the rights of property owners. The regulations contain no criteria to guide the commission and to enable those affected to know their rights and obligations.

The plaintiffs presented evidence to the commission, and to the trial court, that the proposed extension of Morris Avenue would expose their children to traffic hazards and limit the normal use of their backyards, which in some cases would be only 40 feet deep from their homes to the new street. The commission itself, by limiting the creation of through lots, recognized that through lots were normally undesirable. Since the commission intended to permit, under certain circumstances, the creation of a condition which it itself found unde-

sirable, our standard announced in *Forest Construction Co.* v. *Planning & Zoning Commission,* supra, and reiterated in *Nicoli* v. *Planning & Zoning Commission,* supra, requires it to set forth those circumstances with some precision. To require this is not "to demand detailed standards which are impracticable or impossible. *Bowles* v. *Willingham,* 321 U.S. 503, 515, 64 S. Ct. 641, 88 L. Ed. 892." *Forest Construction Co.* v. *Planning & Zoning Commission,* supra, 679. The discretion of a commission must be controlled by fixed standards applied to all cases of a like nature. *Beach* v. *Planning & Zoning Commission,* 141 Conn. 79, 85, 103 A.2d 814; *Castle Estates, Inc.* v. *Park & Planning Board,* 344 Mass. 329, 334, 182 N.E.2d 540.

There is no error.

In this opinion the other judges concurred.