[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises from the decision of the Planning Commission of the Town of Southbury, approving a 13 lot residential subdivision off Lum Lot Road, Southbury, Connecticut.
The Planning Commission and the developer/applicant are respondent-defendants. An adjoining landowner, Elaine Kelemcky is also a party defendant.
The petitioner-plaintiff alleges statutory and classical aggrievement. The plaintiff is the owner of land which abuts the north side of Chestnut Tree Hill Road. The property for which subdivision approval was granted abuts the south side of Chestnut Tree Hill Road. It was not entirely clear that the plaintiff's property was within 100' of the property involved in the Commission's subdivision approval. It appears to be on maps of record, but no direct evidence was offered on this issue.
The court finds, however, that the plaintiff is classically aggrieved in that the subdivision will turn a dirt path into an improved road, and that traffic which was rare, will substantially increase, Hyatt v. Zoning Board of Appeals, 163 Conn. 379 (1972); Goodman v. Zoning Commission, 10 CLT 20, Baum v. Norwalk Planning and Zoning Commission, 10 CLT 30.
The subdivision regulations of the Town of Southbury require that each lot have access to an existing public street or a subdivision street for which a subdivision map has been recorded and approved by the Commission.
The issue raised in this appeal is the status of Chestnut Tree Hill Road.
If Chestnut Tree Hill Road is a public street, then the subdivision application of defendant Thomas Delmonico conforms to the subdivision regulations. If it is not a public street, the application will conflict with such subdivision regulations.
The primary function of a planning commission is to review subdivision applications; and when it engages in such review, it is acting in an administrative capacity. R.K. Development Corp. CT Page 7428 v. Norwalk, 156 Conn. 369, 376 (1968); Beach v. Planning and Zoning Commission, 141 Conn. 79, 84 (1954); Westport v. Norwalk,167 Conn. 151, 155 (1974).
"In passing upon a plan, its action is controlled by the regulations adopted for its guidance. It has no discretion or choice but to approve a subdivision which conforms to the regulations." Langbein v. Planning Bd., 145 Conn. 674, 679
(1958); Forest Construction Co. v. Planning Zoning Commission,155 Conn. 669, 674 (1967).
A planning commission cannot disapprove a subdivision application based upon standards not contained in the existing subdivision regulations. Reed v. Planning and Zoning Commission,12 Conn. App. 153, 156 (1987), affirmed 208 Conn. 431 (1988).
The plaintiff claims that Chestnut Tree Hill Road is not a public road and thus the application does not meet the access to public road subdivision requirements. The court would agree that if the Chestnut Tree Hill Road is not a public road, then the application would have been defective. If a subdivision application does not conform to the subdivision regulations, it should be denied. South East Property Owners and Residents Ass'n. v. City Plan Commission, 156 Conn. 587, 591-591 (1968); Forest Construction Co. v. Commission, 155 Conn. 669, 675 (1967); Westport v. Norwalk, 167 Conn. 151, 157-158 (1974); Gagnon v. Municipal Planning Commission, 10 Conn. App. 54, 57 (1987); Reed v. P Z Commission, 12 Conn. App. 153, 156 (1987), affirmed208 Conn. 431 (1988).
In determining whether the application conforms to the regulations, the commission members can consider facts which they learn by personal observation of the property and its surrounding area. Forest Construction Co. supra at 675. The commission when faced with conflicting evidence can resolve debatable questions of fact. Westport v. Norwalk supra at 161.
The essential issue for the court is whether the commission's decision is reasonably supported by the record, and if so, the court should not substitute its judgment for that of the commission. Westport v. Norwalk supra at 161; Gagnon v. Municipal Planning Commission, 10 Conn. App. 54, 57 (1981); Blakeman v. Planning Commission, 152 Conn. 303, 308 (1965).
The Commission in this case had before it extensive conflicting evidence on the status of the road. Evidence of the relevant portion of Chestnut Hill Road being a public road included: deed references (including the plaintiff's deed) to the existence of a highway; several maps including an 1868 map showing it as a public highway; various surveys; State of Connecticut CT Page 7429 Department of Transportation records which show it as an "unimproved local road" up until approximately 1960; tax records which show that the road was never taxed against anyone; correspondence; testimentary evidence of town road maintainers and neighbors as to the use and maintenance of that portion of Chestnut Hill Road.
The court cannot find that the Planning Commission's determination that Chestnut Hill Road is a public road, is not reasonably supported by the record.
The plaintiff argues that the verdict in an earlier trespass action regarding this property conclusively determined this issue of plaintiff's behavior.
The litigation #22106 Court of Common Pleas J.D. of Waterbury 1/18/72, Colonial Bank and Trust Company Successor Trustee v. Town of Southbury et al involved an action of trespass, which was the sole issue submitted to the jury. The jury returned a verdict for the plaintiff for nominal damages; but the court denied plaintiff's predecessor in title a permanent injunction against the Town of Southbury and other defendant. The trial court [Sponzo, J.] found that the plaintiff had never proven title to the land. The record does not reveal what specific trespass was alleged or found in that case. The status of Chestnut Hill Road was not determined by the earlier litigation.
The plaintiff's final ground for appeal is its allegation that the Commission's decision was conditioned on the subdivision applicants "Commitment to Defend Affidavit and Release".
The plaintiff has failed to establish that the commission's decision was in anyway conditioned on receipt of such a document. The "Commitment is not indicated as a condition in the Commission's decision. The plaintiff asks the court to assume that it was a condition in the face of the resolution approving the subdivision application which contains 24 conditions, but no reference to the "commitment". The record is devoid of any evidence that the Commission solicited, relied upon or acted on the developers "Commitment".
For the reasons as stated above, the appeal is ordered dismissed.
McWEENY, J.